I concur fully in the main opinion. It places the burden of establishing discoverability under § 6-5-641(c), Ala. Code 1975, on the party attempting to obtain certification of a class, thereby offering a practical solution to the problem of attempting to satisfy what may well be an essentially unworkable legislative standard.
Section 6-5-641(c) requires the trial court to stay all pre-class-certification discovery "directed solely to the merits of the claims or defenses in the action." (Emphasis added.) The main opinion states: "[I]f under § 6-5-641(c) the burden is placed on the objecting party as McFadden argues it should be, it is difficult to find an example of how an objecting party would ever successfully satisfy that burden and thereby make use of the protections afforded by § 6-5-641(c)."897 So.2d at 302. Relevant questions for consideration of the question of certification, such as typicality and commonality of questions of law or fact among various members of the class, render it quite difficult to draw a bright line between discovery related only to class certification and discovery related *Page 303 
only to the merits. Merits-related discovery is often inextricably intertwined with issues related to certification. However, even with the burden of establishing discoverability placed upon the party seeking the discovery, it may well be equally difficult to find an example of how a party could fail to show some nexus between the standards for class certification and material sought through discovery that relates to the merits.
Section 6-5-641(c) provides:
 "Upon motion of any party, the court shall, except for good cause shown and even then only if the interests of justice require that it not do so, stay all discovery directed solely to the merits of the claims or defenses in the action until the court shall have made its decision regarding certification of the class. In considering such a motion, the court shall consider whether any prejudice to the plaintiff exists because of the filing by the defendant of a Rule 56 motion for summary judgment prior to the court's decision regarding class certification."
(Emphasis added.)
A more workable statutory standard would require the trial court to stay all discovery not essential to a decision regarding certification of the class. In making a determination as to whether requested discovery is or is not essential to the class-certification decision, the trial court should balance the plaintiff's need for discovery in areas relevant to suitability for class-action treatment that might also relate to the merits of the claims or defenses in the action against the defendant's right to protection from extensive and potentially burdensome discovery related to the merits before the class is certified. In this way discovery into the merits beyond that essential to a determination of the question of class certification could be avoided.
While we are remanding this case to the trial court for further proceedings governed by § 6-5-641(c) under the burden-shifting process set out in the main opinion, I am not optimistic that the statutory standard alone will afford CIT significant relief. Perhaps relief could be available to CIT by motion for a protective order under Rule 26(c), Ala. R. Civ. P., asserting that the discovery request presents an undue burden, notwithstanding that the discovery would not be subject to the stay called for under § 6-5-641(c). Of course, in this context, CIT would have the burden of establishing that merits-related discovery that is being or that will be produced is sufficient to permit McFadden to develop fully the materials necessary for a determination of the question of class certification. I read the statement at the end of the main opinion calling to the trial court's attention its broad discretion as being consistent with the foregoing observations concerning the trial court's authority under Rule 26(c) and the balancing of the plaintiff's and the defendant's interests.
NABERS, C.J., concurs.